UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JONATHAN SCOTT WILLIAMSON** | **CIVIL ACTION NO. 12-2277** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **PREMIER TUGS, LLC, ET AL** | **MAG. JUDGE KAREN L. HAYES** |

RULING

On August 29, 2012, Plaintiff Jonathan Scott Williamson ("Williamson") brought this lawsuit under the Jones Act, 46 U.S.C. § 30104, and general maritime law against his employer, Defendant Premier Tugs, LLC ("Premier"). He seeks maintenance and cure, plus damages for injuries that he sustained as a result of a slip and fall accident.

On May 7, 2012, Williamson was working as a deckhand for Premier on the *Miss Carolyn*, a tugboat chartered by Apache Corporation ("Apache") from Caillou Island Towing Co., at a well site located on Catfish Lake near Golden Meadow, Louisiana. According to Williamson, he was attempting to secure a pipe barge to a keyway barge which held a truck rig owned by Workover Specialties, L.L.C. (Workover"). As he stepped onto the keyway barge, Williamson's right foot allegedly slipped in a small pool of oil located near one of the three pumps being used by Workover to pump water out of the keyway barge. Williamson then fell forward, and his right arm and a portion of his upper body went into an open manhole on the keyway barge.

In his latest amended complaint, filed on October 30, 2014, Williamson alleges that his injuries were caused by the "negligence and fault" of Premier, Workover, New Tech Global Ventures, LLC ("New Tech"), and Apache and their employees and "borrowed servant, Amos W. Moore . . . ." [Doc. No. 52, ¶ 9]. Williamson specifically alleged that New Tech is liable for his

injuries because Apache had "contracted with New Tech" to assign Moore, "a consultant and/or 'company man'" "to supervise and oversee the operations being performed by Workover." [Doc. No. 52, ¶ 5].

However, on August 7, 2015, New Tech filed a Motion for Summary Judgment [Doc. No. 86], arguing that there is no genuine issue of material fact that Moore is actually an employee of NYX Consulting, Inc. ("NYX"), and New Tech has no liability to Williamson.

On August 10, 2015, Williamson filed a memorandum in response to New Tech's Motion for Summary Judgment [Doc. No. 87]. He states in the response that he "does not oppose [New Tech's] Motion for Summary Judgment. *Id.*

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19

F.3d 1017, 1023 (5th Cir. 1994). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise matter in which the evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Although Williamson did not oppose New Tech's Motion for Summary Judgment, the motion cannot be "granted simply because there is no opposition . . ." *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The moving party "still has the initial burden, under Rule 56(c), of showing the absence of a genuine issue concerning any material fact, and of showing that judgment is warranted as a matter of law." *John v. State of La. (Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 708 (5th Cir. 1985). However, the Court may accept the movant's description of the undisputed facts as *prima facie* evidence of its entitlement to judgment. *Eversley*, 843 F.2d at 173-74.

In this case, Williamson brought suit against New Tech under the doctrine of *respondeat superior* for the actions and/or omissions of Moore. The undisputed evidence now shows that Moore was an employee of NYX. New Tech merely provided billing services for the work and services provided by Moore to Apache. Therefore, Williamson has no basis to recover against New Tech. New Tech's Motion for Summary Judgment [Doc. No. 86] is hereby GRANTED, and Williamson's claims against it are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 5th day of October, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE