UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JONATHAN SCOTT WILLIAMSON | CIVIL ACTION NO. 12-2277 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PREMIER TUGS, LLC, ET AL | MAG. JUDGE KAREN L. HAYES |

<u>RULING</u>

Pending before the Court is a motion in limine [Doc. No. 92] filed by Apache Corporation ("Apache"); Workover Specialties, LLC ("Workover"); and Caillou Island Towing Co., Inc. ("Caillou")[1] (collectively "Defendants") to limit and/or exclude the testimony of Plaintiff Jonathan Scott Williamson's ("Williamson") expert, Kenneth A. Kaigler ("Kaigler").[2] For the following reasons, Defendants' Motion in Limine to Exclude and/or Limit the Testimony of Kenneth A. Kaigler is GRANTED.

**I.    FACTS AND PROCEDURAL HISTORY**

The dispute underlying this motion in limine concerns an alleged incident that occurred on or about May 7, 2012. At that time, Williamson was employed by Premier Tugs, LLC ("Premier") and worked aboard the *Miss Carolyn*; a tug boat owned and operated by Premier.

In his Fourth Amended Complaint, [Doc. No. 52] Williamson alleges the following:

---

[1] Caillou is not a defendant to the underlying lawsuit. New Tech Global Ventures LLC, ("New Tech") as a third party plaintiff, brought suit against Caillou, alleging Caillou had an obligation to provide New Tech with a full defense from and against Williamson's claims and Premier's cross-claims under the terms of the Apache/Calliou Master Charter Agreement.

[2] Premier Tugs, LLC, is a defendant in the underlying dispute; however, they did not join in filing the instant motion in limine.

Williamson's job was to tie off and/or secure a pipe barge to a keyway barge containing a drilling rig. The keyway barge was charted by Apache from Caillou, and the truck rig mounted on the keyway barge was owned by the drilling contractor, Workover. Apache had contracted with New Tech to provide a consultant and/or "company man" on location to supervise and oversee the operations being performed by Workover. [Doc. No. 52].

In order to secure the pipe barge to the keyway barge, Williamson had to step up from the pipe barge to the keyway barge in order to tie off the line. As he stepped onto the keyway barge containing the drilling rig, his right foot slipped in a small pool of oil located near one of the three pumps being used by Workover to pump water out of the keyway barge. As a result of the slip, he fell forward and his right arm and a portion of his upper body went into an open manhole.

Williamson claims he suffered injuries including, but not limited to, his hip, leg, back, neck, and buttocks. These injuries, he maintains, required physical therapy and surgery on his lower back consisting of an anterior lumbar interbody fusion.

Williamson has sued Premier, Apache, and Workover.[3] Williamson alleges the negligence and/or fault of Premier, Apache, Workover, their employees and borrowed servant, and the unseaworthiness of the vessel caused his injuries. Specifically, Williamson maintains that Premier, Apache, and Workover are liable for:

(1) Failing and neglecting to furnish plaintiff with a safe place to work;

(2) Allowing oil to spill and/or accumulate on the deck of the keyway barge;

(3) Failing and neglecting to remove any spilled oil from the deck of the keyway

---

[3]Williamson previously asserted a claim against New Tech, but New Tech's unopposed motion for summary judgment [Doc. No. 86] was granted, and Williamson's claims against it were dismissed.

      barge containing Workover Specialties tuck rig;

      (4) Failing and neglecting to place warning signs where oil spills were located;

      (5) Failing and neglecting to keep the keyway barge in a seaworthy and safe condition;

      (6) Failing and neglecting to cover any open man holes when the water pump was no longer in operation; [and]

      (7) Failing and neglecting to place warning signs near the open man holes.

[Doc. No. 52, p.4].

    In connection with this lawsuit, Williamson retained Kaigler to testify as an expert. In his report, Kaigler posits that Williamson was injured because the Workover crew and the Apache representative, Amos Moore ("Moore"), failed to provide him with a safe workplace. [Doc. No. 92-3, p. 3]. Kaigler also suggests that this alleged failure to maintain a safe workplace violated OSHA guidelines, the IADC Accident Prevention Safety Guide, the Workover Specialties' Company Safety Policy, the IADC Safety Guide, and the National Safety Council Supervisors Safety Manual. *Id* at 3-12. Finally, Kaigler opines that Workover, the Workover crew, and Mr. Moore violated the OSHA Compliance Manual on Employee Training and the APA Recommended Practices for Occupational Safety and Health by failing to train their employees to recognize hazardous working conditions. *Id.* at 5, 9.

    In response to this proffered testimony, Defendants filed the instant Motion in Limine, contending that Kaigler's testimony should be excluded because it is unhelpful to the trier of fact and consists of impermissible legal conclusions.

**II.**    **LAW AND ANALYSIS**

Defendants first contend that Kaigler's expert testimony will not be helpful to the trier of fact as required by Federal Rule of Evidence 702. Federal Rule of Evidence 702 allows expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

"[W]hether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." FED. R. EVID. 702, 1972 Advisory Committee Note. "The Fifth Circuit has expressly recognized that expert testimony should be excluded if the court finds that 'the jury could adeptly assess [the] situation using only their common experience and knowledge.'" *Bouton v. Kim Susan, Inc.*, No. 96-902, 1997 WL 61450 at *2 (E.D. La. Feb. 6, 1997) (quoting *Peters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir. 1990)). "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." FED. R. EVID. 702, 1972 Advisory Committee Note (quoting Mason Ladd, *Expert Testimony*, 5 Vand. L. Rev. 414, 418 (1952)).

When assessing challenges to an expert's testimony as unhelpful, the Fifth Circuit often asks whether the testimony is more similar to that sought to be offered in *Peters,* or *Smith v. United Gas Pipline Co.,* No. 88-3316, 1991 U.S. App. LEXIS 15120, (5th Cir. Sep. 22, 1988)– another Fifth Circuit decision dealing with the admissibility of expert testimony in the maritime context. *See, e.g., Howard v. Cal Dive Intern., Inc.*, No. 09-6265, 2011 WL 63873, at *4 (E.D. La., Jan. 6, 2011); *Pope v. Chevron U.S.A., Inc.* No. 93-2949, 1994 WL 179938, at *3 (E.D. La., Apr. 28, 1994).

*Peters* involved an employee who was injured while unloading machinery from a vessel. 898 F.2d at 449. He attempted to offer expert testimony as to whether it was reasonable for an employer to instruct his employee to move his equipment on deck during heavy seas, whether cargo had been improperly stowed, and whether diesel fuel made the deck of the boat slippery. *Id*. The Fifth Circuit affirmed the district court's exclusion of this expert testimony, noting that the jury could adeptly assess this situation using only their common experience and knowledge. *Id.* at 450.

Conversely, in *Smith*, the Fifth Circuit overturned a district court's ruling that expert testimony would not be of aid to the trier of fact. *Id.* That expert sought to testify as to the reasonableness of a ship-to-ship transfer of machinery during rough seas. *Id*. More specifically, the jury was asked to "gauge the reasonableness of using a ship's crane equipped with a 'headache ball' and a shackle without a 'tag line' while the two ships were stern-to-stern in heavy seas, taking into account the backwash caused by the propellers of both vessels." *Id.* The Fifth Circuit held the trial judge abused his discretion in deciding this analysis was within the average juror's knowledge and experience. *Id.*

In his expert report, Kaigler first asserts that Williamson was injured as a result of the failure of Workover's crew and the Apache representative, Moore, to provide him with a safe workplace. The basis for this opinion is that Workover's crew did not remove oil spots or re-install the manhole cover, and Moore failed to inspect the work area for any unsafe areas. Kaigler also suggests that this alleged failure to maintain a safe workplace violated OSHA guidelines, the IADC Accident Prevention Safety Guide, the Workover Specialties' Company Safety Policy, the IADC Safety Guide, and the National Safety Council Supervisors Safety Manual. *Id* at 3-12. Finally, Kaigler opines that Workover, the Workover crew, and Moore violated the OSHA Compliance Manual on Employee

5

Training and the APA Recommended Practices for Occupational Safety and Health by failing to train their employees to recognize hazardous working conditions. *Id.* at 5, 9.

The Court finds that these opinions are more similar to those sought to be offered in *Peters* than *Smith*.

As other courts in this circuit have noted, the dividing line between *Smith* and *Peters* seems to be whether the accident arose from routine circumstances such as a slip and fall. *See, e.g., Williams v. Triple C Enterprise Inc. of Louisiana*, No. 09-7375, 2011 WL 6819012, at *8 (E.D. La., Dec. 28, 2011) (excluding expert testimony when injury to seaman resulted from routine circumstances including: "an allegedly bad throw of a five-gallon container of milk, and a slip and fall that occurred while plaintiff was carrying equipment."); *Howard.*, No. 09-6265, 2011 WL 63873, at *4 (finding "no expertise is required to assess the safety conditions on a vessel during a routine slip and fall accident").

Here, the cause of the alleged injury is a slip that caused Williams to fall forward, partially into an open manhole. The alleged negligence arises from facts that are not difficult to comprehend and assess, unlike the reasonableness of using certain technical equipment at issue in *Smith*.

Further, despite Williamson's argument to the contrary, the statutes, rules, and regulations allegedly violated in the instant case are not complex. Other courts within this Circuit, looking at similar facts to the case at hand, have held that expert testimony is unnecessary in such situations. *See Bouton,* No. 96-902, 1997 WL 61450, at *2.

*Bouton* involved an alleged slip and fall. The plaintiff claimed the accident happened as he was unloading pipe from a vessel. At trial, the plaintiff sought to introduce expert testimony to the effect that the ship's captain failed to provide plaintiff with a clean, safe workplace and "that this

violated Kim Susan's Safety Manual and federal regulations." *Id.* The Court held that expert testimony was not required for these opinions:

> Plaintiff's expert report from Captain Buck perfectly fits this description of the unhelpful expert report. Captain Buck's "expert" opinion is that the ship's captain failed to provide plaintiff with a clean, safe workplace and that this violated Kim Susan's Safety Manual and federal regulations. There is simply no expertise required for the opinions Captain Buck offers.

*Bouton,* No. 96-902, 1997 WL 61450, at *2; *see also Alvarado v. Diamond Offshore Mgmt. Co.,* No. 11-25, 2011 WL 4948031, at *3 (E.D. La., Oct. 17, 2011) (holding that no expert testimony was necessary to conclude defendant had violated its own safety procedures and federal regulations when plaintiff, a seaman, hurt himself lifting large sacks); *Araujo v. Treasure Chest Casino, L.L.C.*, No. 97-3043, 1999 WL 219771, at *2 (E.D. La. Apr. 14, 1999) (finding that no expert testimony was needed to determine whether defendant had violated safety regulations and the defendant's safety manual by failing to provide proper supervision and safety equipment/training in case where plaintiff fell from a ladder on the defendant's vessel and sustained injury).

Similarly, the instant matter involves an expert purporting to testify that a workplace was unsafe, which is a violation of various statutes, rules, and regulations. There is no need for expert testimony to demonstrate that failing to maintain a safe work environment, or to train employees to recognize hazardous conditions, might have violated statutes, regulations, or rules dealing with those matters. Accordingly, Kaigler's testimony is inadmissible under Federal Rule of Evidence 702.[4]

**III. CONCLUSION**

For the reasons stated herein, defendants' Motion in Limine to Exclude and/or Limit the

---

[4]Finding Kaigler's testimony unhelpful and inadmissible under Federal Rule of Evidence 704, the Court does not reach the issue of whether Kaigler's opinions amount to impermissible legal conclusions.

Testimony of Kenneth A. Kaigler [Doc. No. 92] is GRANTED. Kaigler's testimony will be excluded in its entirety.

MONROE, LOUISIANA, this 5th day of October, 2015.

*[signature: Robert G. James]*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE