UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JONATHAN SCOTT WILLIAMSON | CIVIL ACTION NO. 12-2277 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PREMIER TUGS, LLC | MAG. JUDGE KAREN L. HAYES |

### RULING

The underlying claims in this litigation were brought by Plaintiff Jonathan Scott Williamson ("Williamson") against Premier Tugs, LLC ("Premier"); New Tech Global Ventures, LLC ("New Tech"); Apache Corp. ("Apache"); and Workover Specialties, LLC ("Workover") pursuant to the Jones Act, 46 U.S.C. § 30104 and general maritime law. Williamson was allegedly injured as the result of a slip and fall accident. At this point in this litigation, however, only incidental litigation remains.

Pending before the Court are third-party plaintiff New Tech and third-party defendant Caillou Island Towing Company, Inc.'s ("Caillou") cross motions for summary judgment. [Doc. Nos. 85, 94].

New Tech claims that Caillou was obligated to defend and indemnify it against Williamson's claims. Central to its argument is a Master Time Charter Agreement ("MCA") that Caillou entered into with Apache. In the MCA, Caillou agreed to defend and indemnify any "invitees" of Apache. In Williamson's Fourth Amended Complaint, he essentially alleged that New Tech, through its purported employee, Amos Buddy Moore ("Moore"), was Apache's invitee. Although the Court later granted New Tech's Motion for Summary Judgment on the basis that it did not employ Moore [Doc. No. 116], New Tech argues that Williamson's allegations were enough to trigger Caillou's duty to

defend under the MCA.

On October 13, 2015, Magistrate Judge Hayes issued a Report and Recommendation concerning the cross motions. In the Report and Recommendation, Magistrate Judge Hayes recommends granting Caillou's Cross Motion for Summary Judgment, while denying New Tech's Motion for Summary Judgment because there "is no cognizable basis to find that the parties to the MCA reasonably intended to extend defense and/or indemnity to New Tech under the instant facts." [Doc. No. 120, p. 12-13]. Both parties filed objections. [Doc. Nos. 121, 126]. Caillou filed a response to New Tech's objections. [Doc. No. 129].

After a *de novo* review, the Court finds that Magistrate Judge Hayes correctly stated and applied the law. The Court hereby ADOPTS her Report and Recommendation except as to the clarifications addressed below.

The Court now turns to the parties' objections. First, New Tech argues that Magistrate Judge Hayes' interpretation of the MCA rendered certain provisions unnecessary. Specifically, New Tech contends that looking beyond the pleadings and the contract to determine the duty to defend conflates the duty to defend and indemnify and ignores the MCA's command to defend against certain claims "whether groundless or not." The Court disagrees.

The duty to defend is not necessarily broader than the duty to indemnify, especially in non-insurance contracts. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, 841 F.Supp.2d 988, 1009 (E.D. La. 2012). In this case, there was no indication that the parties intended the duty to defend to be so broad as to be determined solely from the allegations in the Complaint. This interpretation does not conflate the duties to defend and indemnify.

Further, Magistrate Judge Hayes' interpretation does not erode the "whether groundless or

not" language. So long as one qualifies as an invitee, Caillou is required to defend and indemnify against groundless claims. New Tech, by its own argument and admission, was never an invitee and cannot take advantage of the MCA's generous guarantees.

Second, New Tech objects to Magistrate Judge Hayes' discussion of Louisiana law. However, the discussion of Louisiana case law was because New Tech heavily relied on that law in its own Motion for Summary Judgment. To the extent the discussion was not limited to countering New Tech's arguments, it was limited to providing hypothetical situations to bolster Magistrate Judge Hayes' reasoning.[1]

Third, both parties take issue with Magistrate Judge Hayes' discussion of third-party beneficiary principles. Caillou seeks clarification with respect to footnote 11, arguing that the statement "New Tech is a third party-beneficiary under the MCA" is a typographical error. See [Doc. No. 120, p. 11]. New Tech argues Magistrate Judge Hayes should not have discussed third-party beneficiaries at all.

Magistrate Judge Hayes discussed third-party beneficiaries mainly to counter New Tech's arguments. However, the Court realizes that the third-party beneficiary issue was not before the Court except as it related to indemnification and defense. Therefore, the Court corrects the footnote to state "**New Tech does not qualify as a third-party beneficiary of Caillou's defense and**

---

[1]For example, Magistrate Judge Hayes cited *Tichenor v. Roman Catholic Church of Archdiocese of New Orleans*, 32 F.3d 953, 964 (5th Cir. 1994), a case applying Louisiana law. In that case, the appellate court looked beyond the pleadings to determine whether a third-party beneficiary under an insurance policy was entitled to defense from the insurer. As Magistrate Judge Hayes astutely noted, if a court may look beyond the pleadings to determine the extent of the defense duty in insurance contracts involving third-party beneficiaries, surely it can look beyond the pleadings in the case at hand.

**indemnity undertakings in the MCA.**"[2] The Court expresses no opinion as to whether New Tech qualifies as a third-party beneficiary under any other contractual provisions.

Finally, the Court clarifies that, while it agrees with Magistrate Judge Hayes' analysis and conclusions, it does not rely on that portion of the Report and Recommendation which speculated as to the parties' contractual intent.[3] The MCA's plain language and the relevant case law unambiguously support Magistrate Judge Hayes' ultimate conclusion.

Accordingly, for the foregoing reasons, and for the reasons stated in Magistrate Judge Hayes' Report and Recommendation, to the extent ADOPTED, Caillou's Cross Motion for Summary Judgment [Doc. No. 94] is GRANTED. New Tech's claim against Caillou for defense and indemnity is DISMISSED WITH PREJUDICE, and its Motion for Summary Judgment [Doc. No. 85] is DENIED.

MONROE, LOUISIANA, this 10th day of February, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2]Accordingly, the Court concludes the original footnote 11 contained an error: it should not have labeled New Tech as a third-party beneficiary–at least for purposes of the duties to defend and indemnify.

[3]On page 10, Magistrate Judge Hayes speculated as to why the parties might have included separate defense and indemnity obligations: "Thus, the parties here likely inserted the duty to 'defend' along with the obligations to 'indemnify and hold harmless' in an abundance of caution to ensure that the costs of defense were, in fact , recoverable–in the event Louisiana law applied, e.g., pursuant to the Outer Continental Lands Act." [Doc. No. 120, p. 10].