UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JONATHAN SCOTT WILLIAMSON | CIVIL ACTION NO. 12-2277 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PREMIER TUGS, LLC | MAG. JUDGE KAREN L. HAYES |

<u>RULING</u>

The underlying claims in this litigation were brought by Plaintiff Jonathan Scott Williamson ("Williamson") against Premier Tugs, LLC ("Premier"); New Tech Global Ventures, LLC ("New Tech"); Apache Corp. ("Apache"); and Workover Specialties, LLC ("Workover") pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime law. Williamson was allegedly injured as the result of a slip and fall accident. At this point in the litigation, however, only incidental claims remain.

The instant Ruling concerns Workover's Cross-Claim against Premier for defense and indemnity. [Doc. No. 76]. The parties filed cross motions for summary judgment on the issue. The Court referred these motions to Magistrate Judge Hayes for a Report and Recommendation. On October 22, 2015, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 123] in which she recommended granting Premier's Motion for Partial Summary Judgment [Doc. No. 82], denying Workover's Motion for Summary Judgment [Doc. No. 84], and, accordingly, dismissing Workover's claim against Premier for defense and indemnity with prejudice. Workover filed an objection. [Doc. No. 127]. Premier filed a Reply. [Doc. No. 128].

After a *de novo* review, the Court finds Magistrate Judge Hayes correctly stated and applied the law. The Court hereby ADOPTS her Report and Recommendation. The Court issues this Ruling

to address Workover's objections to the Report and Recommendation.

First, Workover objects that Magistrate Judge Hayes failed to give meaning to language in the Special Endorsement section of the Certificate of Insurance ("COI") which stated "this endorsement...shall be deemed a written contract, providing defense and immunity to Caillou Island." [Doc. No. 84 Exh. F-2]. Instead, Magistrate Judge Hayes considered the document to be a COI and not a contract of defense and indemnity. The Court agrees with Magistrate Judge Hayes.

Generally, COIs are issued for informational purposes and do not constitute stand alone contracts. *Udeobong v. Sec. of Health and Human Servs.*, 06-3197, 2008 WL 4093688 at *4 (S.D. Tex. Aug. 28, 2008) (citing *U.S. Pipe & Foundry Co. v. U.S. Fid. & Guar. Co.*, 505 F.2d 88, 89 (5th Cir. 1974) (observing that a certificate of insurance "simply provides a method whereby [an insured] can show [a third party] that he has complied with a [contractual] provision requiring that insurance be obtained by the [insured]"). The document which Workover contends served as both a COI and contract of defense and indemnity was prominently labeled as a COI. Moreover, it clearly states that its purpose was to "certify that the policies of insurance described below have been issued to the named insurer shown below and are in full force at this time." [Doc. No. 84, Exh. F-2]. Thus, Magistrate Judge Hayes concluded that the COI did not impose a duty to defend and indemnify Workover.

Workover maintains that such an interpretation ignores the contractual language commanding the interpreter to treat the document as a defense and indemnity contract. Workover correctly points out that courts have a duty to interpret contracts to avoid meaningless words. However, before heeding principles of contractual interpretation, the Court must determine whether the document at issue is a contract at all. Because Magistrate Judge Hayes found, and the Court agrees, that the

document was a COI and not a contract, there is no obligation to interpret it in a way that gives meaning to all of its words. And, even if the COI also served as a defense and indemnity contract, it did not bind Premier.

Workover next objects to what appeared to be an alternative basis for Magistrate Judge Hayes' Report and Recommendation: even if the COI served as a defense and indemnity contract, it would not bind Premier because Workover has not established an agency relationship between the COI's signatory and Premier. Workover claims that the signatory was Premier's insurance broker. It cites *Smason v. Celtic Life Ins. Co.*, 615 So.2d 1079, 1087 (La. App. 4 Cir. 1993), for the proposition that a legal presumption exists under Louisiana law that the insurance broker binds the insured.[1] According to Workover, this presumption trumps the general Louisiana Civil Code articles which place the burden of proving an agency relationship on the party asserting the relationship. Thus, the onus was on Premier to prove the insurance broker lacked the authority to bind it to the defense and indemnity contract.

The Court disagrees with Workover. *Smason* relied on a since-rescinded statute for its holding. *See Fair Grounds Corp. v. Travelers Indem. Co. of Ill.*, No. 99-CA-301, (La. App. 5 Cir. 10/18/99); 742 So.2d 1069, 1074.[2] The Court can find no case authored since the statute was repealed recognizing a burden-shifting presumption which forces the insured to disprove an agency

---

[1] Although the parties agree maritime law governs this dispute, Workover cites a bevy of cases applying Louisiana law because maritime law often looks to state law to resolve insurance disputes. *See Albany Ins. Co v. Anh Thi Kieu*, 927 F.2d 882, 886 (5th Cir. 1991).

[2] That statute included the following language when defining insurance broker: "The broker is deemed for all purposes to be the representative of the insured." *See* LA. REV. STAT. 22:1162. (Renumbered and amended as LA. REV. STAT. 22:1112). The renumbered and amended statute no longer exists.

relationship.

Further, all the cases cited by Workover concern insurance contracts.[3] It is one thing to find that an insurance broker can bind the insured to a policy of insurance. It is something else entirely to find that an insurance broker has bound its insured to a contract of defense and indemnity. Therefore, the Court finds that Magistrate Judge Hayes correctly refused to place the burden on Premier to disprove an agency relationship under these facts.

Accordingly, for the foregoing reasons, and for the reasons set forth in Magistrate Judge Hayes' Report and Recommendation [Doc. No. 123], Premier's Motion for Partial Summary Judgment [Doc. No. 82] is GRANTED. Workover's Motion for Summary Judgment [Doc. No. 84] is DENIED, and its cross-claim against Premier for defense and indemnity is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 17th day of February, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] Workover claims to have cited "ample jurisprudence" that an insurance broker is presumed to act for the insured in **obtaining coverage**. Indeed it has. But, here, Workover insists that the insurance broker is presumed to have the authority to **bind the insured to a defense and indemnity contract**. The Court does not believe Workover's cited cases are broad enough to stand for that proposition. Workover had the burden of proving that the insurance broker could bind Premier to defend and indemnify third parties. It failed to do so.